## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RODNEY D. STEPHENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 19-248-RAW-SPS** |
| | ) | |
| **MICHELLE DILLARD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

On August 5, 2019, Plaintiff Rodney D. Stephens commenced this civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 1). At the time of filing, he was a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who was incarcerated at Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma.

Plaintiff subsequently filed an amended complaint, naming as defendants Michelle Dillard, JDCC Nurse; Jarrod Roberts, Medical Administrator; Cheri Atkinson, Medical Services Manager; and the DOC Director (Dkt. 8). Plaintiff alleged in the amended complaint that he was refused a proper medical examination and treatment after he fell on September 19, 2018. His later attempts to receive proper care allegedly were denied or unanswered. The defendants have not been served.

The Court takes judicial notice that on September 9, 2019, Plaintiff filed another section 1983 lawsuit in this Court in *Stephens v. Okla. Dep't of Corr. Dir.*, No. CIV 19-303-

RAW-SPS.[1]  On February 21, 2020, defense counsel In Case No. CIV 19-303-RAW-SPS, filed a Suggestion of Death Upon the Record in that case, advising that Plaintiff had died on February 12, 2020.  Counsel further advised that a copy of the Suggestion of Death Upon the Record in Case No. CIV 19-303-RAW-SPS would be forwarded to Plaintiff's next of kin.  Counsel also submitted a February 20, 2020, Interoffice Memorandum from Joel B. McCurdy, M.D., Chief Medical Officer, to DOC Director Scott Crow advising of Plaintiff's death at OSU Hospital in Tulsa, Oklahoma.  Plaintiff's next of kin was notified and Plaintiff's body was claimed.  *See* Case No. 19-303-RAW-SPS, Dkts. 21-22.

Survival of § 1983 actions after a plaintiff's death is governed by state law, as long as the state law is "not inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann*, 436 U.S. 584, 588-907 (1978).  *See also Hopkins v. Okla. Pub. Employees Ret. Sys.*, 150 F.3d 1155, 1159 (10th Cir. 1998); 42 U.S.C. § 1988(a).  Therefore, Oklahoma state law determines whether Plaintiff's claims survive:

> No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander or malicious prosecution, which shall abate by the death of the defendant.  . . . .

Okla. Stat. tit. 12, § 1052.

Plaintiff's suit alleging Eighth Amendment violations does not constitute a claim for slander, libel, or malicious prosecution, therefore, Oklahoma law calls for the survival of the

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court . . . concerning matters that bear directly upon the disposition of the case at hand"), *cert. denied*, 552 U.S. 969 (2007).

suit despite his death. "Because a live case or controversy continues to exist between [Plaintiff's] estate and the defendants, this case is not moot." *Hopkins*, 150 F.3d at 1159. *See Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) ("The central question in determining whether a case has become moot is whether 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'").

> Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties in the event of death. Under Rule 25(a)(1), a motion to substitute "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The action must be dismissed if no such motion is made "within 90 days after service of a statement noting the death." *Id*. To trigger the 90-day window, the statement noting death must be personally served on the decedent's representative "as provided in Rule 4." Fed. R. Civ. P. 25(a)(3); *see Hendricks v. Liberty Nat'l Life Ins. Co.*, No. 13-CV-0390-CVE-PJC, 2013 WL 4544299, at *1 (N.D. Okla. Aug. 27, 2013).

*Holland v. Trout*, No. CIV-18-511-G, 2019 WL 2298792 at *1 (W.D. Okla. May 30, 2019).

In this case, there is no properly-served defendant to file a motion to substitute, and "the Court concludes it would be inappropriate to require [DOC]--a non-party . . . ---to identify, locate, and serve the appropriate successor to Plaintiff's lawsuit." *Id.* "It would be likewise inappropriate to dismiss the action for failure to prosecute when . . . that failure to act was due to Plaintiff's death." *Id.* (footnote omitted).

The Court thus has determined that "the best course of action is to exercise the Court's inherent powers to control its own docket and DISMISS Plaintiff's claims without prejudice to refiling." *Id.* If Plaintiff's successor or representative should seek leave to be substituted for Plaintiff and proceed with this action, the Court will consider an appropriate

3

motion at that time.  *See id.*

        **ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE.

        **IT IS SO ORDERED** this 25th day of June 2020.


Ronald A. White
United States District Judge
Eastern District of Oklahoma

4